JS-6

cc:order, docket, remand letter to Los Angeles Superior Court No. BC 492497

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSEULO MANLIMOS,<br><br>     Plaintiff,<br>  v.<br><br>JP MORGAN CHASE NTAIONAL CORPORATE SERVICES, INC.; KATHRYN NASON; and DOES 1–250, inclusive,<br><br>     Defendants. | Case No. 2:12-cv-09196-ODW (RZx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

  The Court has received Defendants JPMorgan Chase National Corporate Services and Kathryn Nason's (collectively "Chase") Notice of Removal. (ECF No. 1.) Having carefully considered the papers filed in conjunction with Chase's Notice, the Court concludes that Chase has failed to meet its burden on removal of establishing this Court's subject-matter jurisdiction over this case. The Court therefore **REMANDS** this case to the Los Angeles Superior Court.

  Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and

"[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where a plaintiff does not specify a particular damages figure in the state-court complaint, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence a court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Additionally, in determining the amount in controversy, the Court may include the request for punitive damages and emotional distress damages if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002). California law allows the recovery of punitive damages based on claims for violations of FEHA, wrongful termination, and intentional infliction of emotional distress. *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980); *Simmons*, 209 F. Supp. 2d at 1033. To establish emotional distress and punitive damages, "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

Finally, in ordinary diversity cases, a request for attorney's fees cannot be included in the jurisdictional amount unless an underlying statute authorizes an award

of attorney's fees.  *Lowdermilk*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)).  But even when including attorneys' fees, a court "cannot base [its] jurisdiction on Defendant's speculation and conjecture."  *Lowdermilk*, 479 F.3d at 1002.  Ultimately, the defendant must overcome "the strong presumption against removal jurisdiction" by "setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the required $75,000.  *Gaus*, 980 F.2d at 567.

Manlimos's state-court Complaint did not specificy the damages she seeks.  Therefore, as the proponent of federal jurisdiction, Chase bore the burden on removal to establish by specific facts or summary-judgment-like evidence, or both, that it is more likely than not that the amount in controversy exceeds $75,000 in this case.  Chase has not met this burden.

Chase is correct that the Court may consider the aggregate value of claims for lost wages, emotional-distress damages, punitive damages, and attorneys' fees to determine the jurisdictional amount.  But Chase does not present any "underlying facts supporting its assertion that the amount in controversy exceed[ed]" $75,000, *Gaus*, 980 F.2d at 567.  Instead, Chase contends that "[o]ther FEHA discrimination cases have resulted in substantial awards of punitive damages," citing only one case in support of this assertion.  (Notice of Removal 6 (citing *Weeks v. Baker &* McKenzie, 63 Cal. App. 4th 1128, 1165 (1998).)  Chase's allegations regarding emotional-distress damages[1] and attorney's fees[2] are similarly anemic.

Chase's failure to connect the factual circumstances of the cases it cites to the facts of Manlimos's case renders its bald citations to those cases meaningless.  Absent

---

[1] "Plaintiff is also seeking recovery for alleged emotional distress damages, which could be significant and which is part of the amount in controversy."  (Notice of Removal 6 (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).)

[2] While Chase correctly states that "Courts should include in their amount in controversy calculation damages and attorney's fees that, although not yet accrued, are reasonable to anticipate," it fails to offer specific facts relevant to this particular case.  (Notice of Removal 6 (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons*, 209 F. Supp. 2d at 1035).)

explanation how those cases represent conduct analogous to the conduct Chase allegedly directed at Manlimos, the Court can only speculate whether Manlimos could draw similar damages awards here sufficient to meet the amount in controversy required to sustain this Court's exercise of diversity jurisdiction.  Simply put, merely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is entirely insufficient to meet Chase's burden to establish the amount in controversy by a preponderance of the evidence.

Because the finds that Chase has not met its burden on removal to establish that the amount in controversy in this case exceeds $75,000, the Court must reject federal jurisdiction over this action.  The Court therefore **VACATES** its October 30, 2012 Order directing Plaintiff to submit her claims to binding arbitration (ECF No. 11) and **REMANDS** this case to the Los Angeles County Superior Court.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 30, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**